UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-207 |
| KEITH JAMES | SECTION T |

**ORDER & REASONS**

Before the Court is a motion to vacate filed by defendant Keith James, along with a supplement.[1] For the following reasons, the Court will hold an evidentiary hearing on the issue of James's knowledge at the time of the sentencing; the motion is denied as to the ineffective assistance of counsel claim regarding the *Shepard* documents; and judgment is deferred as to the claim under *Wooden v. United States*.[2]

**Background**

Keith James is currently serving a 188-month sentence in federal prison after pleading guilty to a one-count indictment which charged him with being a felon in possession of a firearm.[3] As a 17-year-old, James and an associate committed a series of robberies over the course of some 45 or so minutes late on the night of April 12, 2008. The spree began around 11:20, when James and the associate, Ernest Dunn, approached an individual as he entered his vehicle and instructed him to surrender his wallet, phone, and keys.[4] Some ten or so minutes later and in a different location within New Orleans, James and Dunn approached two different women and demanded their purses.[5] James and Dunn then proceeded to rob a victim of his wallet before police were

---

[1] R. Docs. 55 and 69.
[2] *Wooden v. United States*, No. 20-5279, 2022 WL 660610, slip op. at 4 (U.S. Mar. 7, 2022).
[3] R. Docs. 24 and 41.
[4] R. Doc. 29 at 8. One of Dunn and James was wielding a firearm. While it is not clear which of the two it was, at least one victim identified Dunn as the one with the weapon. R. Doc. 69-1 at 1.
[5] R. Doc. 29 at 8.

1

alerted to their crimes and began to pursue them.[6] After a short pursuit, law enforcement apprehended the two men not long after midnight.[7]

James eventually pleaded guilty to three counts of armed robbery and three counts of purse snatching arising out of these incidents.[8] On November 21, 2008, he was sentenced to concurrent ten-year terms of imprisonment for the offenses.[9] He was paroled in June of 2017.[10] Less than a month later, a probation officer conducted a residence check and noticed a firearm sitting in plain view on a dresser in James's bedroom.[11] James was arrested and admitted to possessing the firearm.[12]

James was subsequently charged with being a felon in possession of a firearm.[13] He plead guilty before Judge Martin L.C. Feldman on June 13, 2018.[14] Crucially, during his rearraignment, James was advised that the *maximum* sentence he could receive was 10 years in prison.[15] James indicated that he fully understood the charge against him, that he was pleading guilty because he was in fact guilty, and that he understood the rights he was waiving by pleading guilty.[16]

The presentence investigation report was then prepared, and the United States Probation Office determined that James's convictions for the April 12, 2008 events counted as violent felonies committed on different occasions under the Armed Career Criminal Act (ACCA). As such, James qualified as a career offender and was subject to a mandatory minimum sentence of

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 34.
[9] *Id.* at 37.
[10] *Id.* at 9.
[11] *Id.* at 5.
[12] *Id.*
[13] R. Doc. 1.
[14] R. Doc 24.
[15] R. Doc. 48 at 5.
[16] *Id.* at 13-14.

fifteen years.[17] James objected, asserting the purse snatching and armed robbery convictions should not count towards the necessary three predicate "violent felonies," which would lead to the enhancement recommended by probation.[18] Judge Feldman overruled the objection and sentenced James to 188 months in federal prison.[19]

James promptly appealed, claiming the district court erred in overruling the objection.[20] Holding that "Louisiana armed robbery is a violent felony under the ACCA's force clause," the Fifth Circuit affirmed the district court's judgment.[21] James filed a petition for certiorari with the United States Supreme Court, which was denied.[22] James then timely filed a *pro se* motion to vacate under 28 U.S.C. § 2255 and requested appointment of counsel.[23] Finding that the interests of justice warranted appointment of counsel, Judge Feldman ordered that counsel be appointed and, upon request, permitted James's counsel to file an amended and supplemental motion to vacate.[24] In that motion, James requests that he be permitted to withdraw his guilty plea due to the ineffective assistance of counsel, and alternatively suggests that the Court should reconsider whether the armed robberies, which occurred on the night of April 12, 2008, occurred on one occasion or several.[25] After Judge Feldman's untimely passing, the case was transferred to this section of the court.[26] The supplemental and amended motion now having been fully briefed, the Court considers.

**Legal Standard**

---

[17] R. Doc. 29 at 15.
[18] R. Doc. 28.
[19] R. Doc. 47 at 4.
[20] R. Doc. 43
[21] *United States v. James*, 950 F.3d 289, 294 (5th Cir. 2020).
[22] *James v. United States*, 141 S. Ct. 1396 (2021).
[23] R. Doc. 55.
[24] R. Doc. 69.
[25] *Id.*
[26] R. Doc. 68.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to relief on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States."[27] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[28] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[29]

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence.[30] If the Court finds the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[31]

**Analysis**

A. Ineffective Assistance of Counsel Claims

James claims that his sentence was imposed in violation of the Constitution of the United States because he was denied effective assistance of counsel. Specifically, James claims that sentencing counsel was ineffective for her "failure to object or seek to withdraw his plea based on the erroneous advice of the trial judge at the time of his guilty plea, and as a result of [her] failure to challenge the ACCA enhancement due to the insufficient *Shepard*[32] documents and the

---

[27] 28 U.S.C. § 2255. Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*
[28] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).
[29] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[30] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citations omitted).
[31] 28 U.S.C. § 2255.
[32] *Shepard v. United States*, 544 U.S. 13 (2005) [footnote in original].

invalidity of the Fifth Circuit's ruling holding that Louisiana robbery is a violent felony."[33] James's sentencing counsel, Maura Doherty, provides in an affidavit that she did not consider moving to withdraw the plea and did not consider objecting to the *Shepard* documents.[34]

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."[35] The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel.[36] Ineffective assistance of counsel claims are reviewed under *Strickland*'s familiar two-prong standard; a habeas petitioner must "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense."[37] Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness."[38] In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[39] In other words, "judicial scrutiny of counsel's performance must be highly deferential."[40]

The prejudice prong requires that the petitioner show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[41] Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result."[42] Finally, because the petitioner must make both

---

[33] R. Doc. 69 at 14.
[34] R. Doc. 69-2 at 1.
[35] U.S. Const. amend. VI.
[36] *Strickland v. Washington*, 466 U.S. 668 (1984).
[37] *Id.* at 697.
[38] *Id.* at 688.
[39] *Bell v. Cone*, 535 U.S. 685, 702 (2002) (citation omitted).
[40] *Strickland*, 466 U.S. at 689.
[41] *Id.* at 694 ("[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of a proceeding).
[42] *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012) (citations omitted).

5

showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one."[43] There are three grounds on which James asserts an ineffective assistance of counsel claim: (i) failure to seek to withdraw the guilty plea, (ii) failure to challenge the insufficient *Shepard* documents, and (iii) failure to argue that the Louisiana armed robbery statute was not a "crime of violence" for purposes of the ACCA. The Court considers each in turn.

    i.    Failure to Seek to Withdraw the Guilty Plea

First, James claims that his sentencing counsel should have sought to withdraw his guilty plea once it became clear that he was potentially subject to a mandatory minimum term of 15 years instead of the stated *maximum* term of 10 years. Fed. R. Crim. P. 11(b)(1)(H) & (I) require a district court judge to inform a criminal defendant of the maximum possible penalty and any mandatory minimum penalty before accepting a plea of guilty. "A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant accurately of the proper minimum sentence that will result from the plea."[44] It is undisputed in this case that Judge Feldman committed Rule 11 error. This error could not be rectified on appeal, James contends, because his counsel failed to preserve the issue by objecting or moving to withdraw the plea.[45]

The government disputes none of this, contending instead that the evidence does not demonstrate that James was prejudiced by counsel's failure because "the existing record does not definitively show a reasonable probability that [withdrawal of the guilty plea] would have been granted or that James desired to withdraw his plea."[46] The Court disagrees that the record demonstrates substantial doubt as to whether withdrawal would have been permitted. As the

---

[43] *Strickland*, 466 U.S. at 697.
[44] *United States v. Carreon–Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012).
[45] R. Doc. 69 at 16-17.
[46] R. Doc. 73 at 11.

6

Supreme Court has noted, "[i]f the judge told the defendant that the maximum possible sentence was 10 years and then imposed a sentence of 15 years based on ACCA, the defendant would have been sorely misled and would have a ground for moving to withdraw the plea."[47] That alone demonstrates a reasonable probability that withdrawal would have been granted. However, the only evidence in the record as to whether James would have withdrawn the plea if not for counsel's ineffectual assistance is James's current statement that he would have done so. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."[48] There is very little contemporaneous evidence in the record. As such, and in accordance with the language of the statute, which requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[49] the Court will hold an evidentiary hearing concerning this issue.

    ii.    Failure to Object to Insufficient *Shepard* Documents

James's next claim is that sentencing and appellate counsel were ineffective because sentencing counsel "failed to object to lack of documentation of the facts alleged in the PSR in support of ACCA enhancement, under *Shepard v. United States*, 544 U.S. 13, 16 (2005), and appellate counsel failed to raise this as plain error."[50] Essentially, James argues that the incidents occurring on the evening of April 12, 2008, should be treated as one predicate offense or (as they were treated by the sentencing court) multiple. In a since-reversed decision that governed this question at the time of sentencing, the Fifth Circuit had held that whether predicate offenses

---

[47] *United States v. Rodriquez*, 553 U.S. 377, 384 (2008).
[48] *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).
[49] 28 U.S.C. § 2255 (b).
[50] R. Doc. 69 at 17.

"occurred on occasions different from one another turns on whether they occurred sequentially … or simultaneously."[51] District courts were permitted to review only certain documents to make this determination, namely: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[52] The PSR contained the Bill of Information by which James was charged with the relevant offenses. The Bill of Information contained only basic information about the charges, with the only relevant information being the date and the nature of the offenses.[53] There was no plea agreement, no transcript of the plea colloquy, and no factual findings by the trial judge in state court. While the government correctly notes that there are two different dates (April 12 and April 13) on the counts contained in the Bill of Information, this does not necessarily demonstrate that the occasions were not simultaneous; a criminal action that begins at 11:59 P.M. on one day and concludes at 12:01 A.M. the following day may result in separate charges containing separate dates, but it may yet have been simultaneous under the prior standard.

Nevertheless, the Court declines to find that either sentencing or appellate counsel was ineffective with regard to this issue, as James has not demonstrated that the second prong of the *Strickland* test is satisfied – that is, that he was prejudiced by any mistake. As even James notes, the Federal Courts of Appeals had been "virtually unanimous … that the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA."[54] The Fifth Circuit concurred with this position, stating that "[a] showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative of the sequential

---

[51] *United States v. Fuller*, 453 F.3d 274, 279 (5th Cir. 2006).
[52] *Id.* (quoting *United States v. Norwood*, 155 Fed. Appx. 784, 785-86 (5th Cir. 2005)).
[53] *See* R. Doc. 29 at 30-33.
[54] *United States v. Pope*, 132 F.3d 684, 692 (5th Cir. 1998).

nature of those crimes."[55] Under the previous standard, James's actions would almost certainly have been considered as having occurred on different occasions – James and Dunn travelled to different locations to accost each victim, and each robbery was 'complete' before the next occurred. Thus, even if counsel was ineffective for not challenging the insufficient *Shepard* documents and learning more about the timing and nature of James's crimes, James was not prejudiced by this failure. Under the prior standard, the events would have been considered sequential rather than simultaneous and the ACCA enhancement would still have applied to James's sentencing. And as "there is no general duty on the part of defense counsel to anticipate changes in the law,"[56] appellate counsel cannot be said to have been ineffective for not raising this issue on appeal. Therefore, the Court denies this claim.

    iii.    Failure to Argue that Armed Robbery is not a Crime of Violence

Finally, James claims that counsel was ineffective for "fail[ing] to object to the classification of Louisiana armed robbery as a crime of violence on grounds that its classification was tied inextricably to the definition of 'crimes of violence' under Louisiana law."[57] Specifically, James faults his sentencing counsel for "fail[ing] to argue that the *Brown* court's reliance on the Louisiana crime of violence statute in its decision rendered the decision wholly based on the residual clause [of the ACCA]."[58] On direct appeal, however, James's appellate counsel made this very argument, and the Fifth Circuit noted that "the Brown panel did not cite or discuss the ACCA's residual clause"[59] and "conclude[d] that subsequent precedent buttresses rather than overrules *Brown*. Accordingly, Louisiana armed robbery is a violent felony under the ACCA's force

---

[55] *Id.*
[56] *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quotation marks omitted).
[57] R. Doc. 69 at 19.
[58] *Id.* at 20.
[59] *James*, 950 F.3d at 292.

clause."[60] Even assuming counsel was ineffective for failing to raise this argument before sentencing, the Fifth Circuit's decision on direct appeal demonstrates why James was not prejudiced by that alleged failure.

B. *Wooden* Analysis

The parties agree that if the Court takes action on the claims for ineffective assistance of counsel, then it need not decide at this stage whether James's prior offenses occurred on different occasions.[61] As such, the Court will defer consideration of this issue until such a time as it becomes necessary.

**Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that an evidentiary hearing shall occur as to whether James would have withdrawn his plea had he been given the option by counsel.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the ineffective assistance of counsel claim with respect to the *Shepard* documents and with respect to the argument concerning the classification of armed robbery.

**IT IS FURTHER ORDERED** that judgment is **DEFERRED** as to the claim under *Wooden*.

New Orleans, Louisiana, April 5, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[60] *Id.* at 294.
[61] *See* R. Doc. 73 at 19 n.17, R. Doc. 74 at 6.