UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | NO. 17-207 |
| KEITH JAMES | SECTION T |

**ORDER & REASONS**

Before the Court is a motion to vacate filed by Defendant Keith James, along with a counseled supplement. R. Docs. 55 and 69. Initially, the Government had opposed Defendant's claim under 28 U.S.C. § 2255 that, pursuant to *Wooden v. United States*, 595 U.S. 360 (2022), he is not subject to the Armed Career Criminal Act ("ACCA") sentencing enhancement at 18 U.S.C. § 924(e). *See* R. Doc. 73. Following the Fifth Circuit's decision in *United States v. Alkheqani*, 78 F.4th 707 (5th Cir. 2023), the Government reconsidered its position and now concedes Defendant is entitled to relief on his *Wooden* claim and that his sentence should be vacated. R. Doc. 95. Defendant has agreed to withdraw his ineffective assistance of counsel claim (Claim II(A) in his counseled Supplemental Motion and Claim III in his *pro se* Motion, R. Docs. 69 and 55, respectively), if the Court grants him relief under *Wooden* by vacating his sentence and setting a date for a new sentencing hearing. R. Doc. 100. For the reasons set forth below, the Court will vacate Defendant's sentence and set a date for a new sentencing hearing.

**Background**

As this Court previously set forth, *see* R. Doc. 80, Defendant is serving a 188-month sentence in federal prison after pleading guilty to a one-count indictment that charged him with being a felon in possession of a firearm. As a 17-year-old, Defendant and an associate committed a series of robberies over the course of some 45 or so minutes late on the night of April 12, 2008,

1

and into the morning of April 13, 2008. Defendant eventually pleaded guilty to three counts of armed robbery and three counts of purse snatching arising out of these incidents and was sentenced to concurrent ten-year terms of imprisonment for the offenses. Following his parole in June of 2017, Defendant was arrested for being a felon in possession of a firearm; he admitted to possessing the firearm.

Defendant was later charged in Federal court with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). R. Doc. 1. He entered a plea of guilty in June of 2018. R. Doc. 24. During his change of plea hearing, Defendant was advised only that the *maximum* sentence he could receive was ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, the penalty for that crime varies significantly depending on whether the Armed Career Criminal Act ("ACCA") applies. The ACCA mandates a *minimum* sentence of fifteen years if the offender has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Defendant was not advised before he entered his plea of guilty that he might be found to be an Armed Career Criminal and that his sentence could be enhanced under the ACCA and carry a minimum sentence of fifteen years. Later, the presentence investigation report ("PSR") prepared by the United States Probation Office ("USPO") determined that Defendant's convictions for the April 12-13, 2018 events counted as violent felonies committed on different occasions under the ACCA. As such, the PSR found that Defendant qualified as a career offender and was subject to a mandatory minimum sentence of fifteen years. R. Doc. 29. Defendant objected, asserting the purse snatching and armed robbery convictions should not count towards the necessary three predicate "violent felonies," which would lead to the enhancement recommended by the USPO. R. Doc. 28. The sentencing court overruled the objection and sentenced Defendant to 188 months in federal prison.

On appeal, the Fifth Circuit affirmed the conviction and sentence, holding that "Louisiana armed robbery is a violent felony under the ACCA's force clause." *United States v. James*, 950 F.3d 289, 294 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1396 (2021).[1] Defendant timely filed a *pro se* motion to vacate under 28 U.S.C. § 2255 and requested appointment of counsel. R. Doc. 55. The Court, in the interests of justice, ordered counsel be appointed and permitted to file an amended and supplemental motion to vacate. R. Doc. 69. In his § 2255 motions, Defendant asserted *Wooden* established that his sentence as an Armed Career Criminal must be vacated and that trial counsel was ineffective for failing to object to the insufficient allegations in the PSR under *Shepard v. United States*, 544 U.S. 13, 16 (2005). The Government conceded that Defendant was entitled to an evidentiary hearing on his ineffective assistance of counsel claim that trial counsel failed to file a motion to withdraw his guilty plea on the basis of incorrect advice as to his maximum sentence, but it opposed any relief on Defendant's *Wooden* and *Shepard* claims. Defendant filed a supplemental memorandum asserting that intervening changes in the law and Government policy required Defendant's sentence to be vacated. R. Doc. 79.

Subsequently, this Court issued an Order and Reasons denying the ineffective assistance of counsel claim regarding the *Shepard* documents, deferring judgment as to the *Wooden* claim, and ordering an evidentiary hearing on Defendant's claim that he should be allowed to withdraw his guilty plea because the district judge incorrectly advised him of the maximum possible sentence at the time of his guilty plea and his counsel should at the time have filed a motion to withdraw

---

[1] The Court of Appeals agreed with the Government that the sentencing court's incorrect consideration of the purse snatching offenses as "violent felonies" under the ACCA was harmless error for purposes of determining whether he was an Armed Career Criminal. *See* 950 F.3d at 291, n.1; R. Doc. 69, p. 8. In its most recent filing in this Court, however, the Government notes that the sentencing judge's erroneous consideration of Defendant's Louisiana purse snatching convictions for ACCA purposes did result in "actual prejudice" to Defendant. R.Doc. 95, p. 6. As to the Rule 11 violation, Plaintiff noted the Government had also conceded before the appellate court that Defendant should be allowed to withdraw his guilty plea to cure that error, wherein he was not advised correctly regarding the maximum possible sentence before he pleaded guilty. *See* R. Doc. 69, p. 7.

3

the guilty plea. R. Doc. 80. The Court then conducted an evidentiary hearing and took the matter under advisement. R. Doc. 93.

Thereafter, the Fifth Circuit decided *Alkheqani*, which held that *Shepard* documents are required to establish the ACCA's "different occasions" clause, and it is error to rely solely on a PSR to determine whether predicate offenses were committed on different occasions for ACCA purposes. 78 F.4th at 726. As the Government notes, after Defendant's conviction and sentence became final, the Supreme Court in *Wooden* interpreted the ACCA's requirement that an offender's three predicate offenses be committed "on occasions different from one another" and held that "[c]onvictions arising from a single criminal episode ... can count only once under ACCA." *Wooden*, 595 U.S. at 362. The Supreme Court explained: "The word ['occasion'] commonly refers to an event, occurrence, happening, or episode. *See, e.g.*, American Heritage Dictionary 908 (1981); Webster's Third New International Dictionary 1560 (3d ed. 1986). And such an event, occurrence, happening, or episode—which is simply to say, such an occasion—may itself encompass multiple, temporally distinct activities." *Wooden*, 595 U.S. at 367. In his supplemental § 2255 motion, Defendant alleged that, under *Wooden*, his multiple armed robberies on two dates over the course of a night were not committed on different occasions and, therefore, could not trigger an ACCA enhanced sentence. This Court previously found Defendant was not entitled to relief on his claim that his counsel "failed to object to lack of documentation of the facts alleged in the PSR in support of ACCA enhancement, under *Shepard v. United States*, 544 U.S. 13, 16 (2005), and appellate counsel failed to raise this as plain error." R. Doc. 69 at 17. This Court reasoned that Defendant was not entitled to relief on this claim because he had failed to establish prejudice as a result of any error. R. Doc. 80. The Court will, however, set aside that determination and reconsider the claim in light of the more recent Fifth Circuit decision in

4

*Alkheqani* as to the proof required for such ACCA enhancement.

**Legal Standard**

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to relief on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." [2] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If the Court finds the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective

---

[2] 28 U.S.C. § 2255. Section 2255 identifies four bases that could support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

assistance of counsel claims are reviewed under *Strickland*'s familiar two-prong standard; a habeas petitioner must "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 697. Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (citation omitted). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

The prejudice prong requires the petitioner show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 ("[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of a proceeding). Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012) (citations omitted). Finally, because the petitioner must make both showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Defendant asserted three grounds for an ineffective assistance of counsel claim: (i) failure to seek to withdraw the guilty plea, (ii) failure to challenge the insufficient *Shepard* documents, and (iii) failure to argue that the Louisiana armed robbery statute was not a "crime of violence" for purposes of the ACCA. Because the second ground now appears to be meritorious, the Court will focus its analysis here.

**Analysis**

Defendant asserted his sentencing and appellate counsel were ineffective because sentencing counsel "failed to object to lack of documentation of the facts alleged in the PSR in support of ACCA enhancement, under *Shepard v. United States*, 544 U.S. 13, 16 (2005), and appellate counsel failed to raise this as plain error." R. Doc. 69 at 17. The ACCA "mandates a 15-year minimum sentence for unlawful gun possession when the offender has three or more prior convictions for violent felonies … 'committed on occasions different from one another.'" *Wooden*, 595 U.S. at 362. (quoting 18 U.S.C. § 924(e)(1)). Under *Shepard*, to determine whether two offenses occurred on different occasions, a court is permitted to examine only "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16. "In addition to *Shepard*-approved documents, a court may consider a defendant's admissions." *United States v. Young*, 809 F.Appx. 203, 210 (5th Cir. 2020) (citing *United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006)). "However, a court cannot rely on a presentence investigation report's characterization of predicate offenses." *Id.* (citing *United States v. Garza-Lopez*, 410 F.3d 268, 273–74 (5th Cir. 2005)). "Nor can a court rely on police reports." *Id.* (citing *Shepard*, 544 U.S. at 16). This was the state of the law at the time of Defendant's sentencing. In *Alkheqani*, the Government argued that post-*Wooden*, *Shepard* documents are no longer required to establish ACCA predicate offenses. 78 F.4th at 725. The Court of Appeals, however, expressly rejected that view and reiterated that "*Wooden* supports the continued vitality of *Shepard*." *Id.* at 726.

The Court must determine then whether the *Shepard* documents in the record were sufficient to show that the three predicate convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In Defendant's case, those documents included the bill

7

of information, the guilty plea form, the docket master report, and the minute entry. As the Government notes, "only the bill of information provides any information relating to the timing of the pertinent armed robberies – one occurred on April 12, 2008, and one occurred on April 13, 2008." R. Doc. 95, p. 5. The Government allows that "no details are given as to whether the armed robberies happened on a single night, in a single uninterrupted course of conduct." *Id.* (omitting internal quotation marks and citations). The Government also notes that, even though the different victims are identified in the bill of information, which seems to imply different locations, no information is given as to whether the events were "intertwined with the others" or involved the "same scheme, actuated by the same motive, and accomplished by the same means." *Id.* (quoting *Wooden*, 595 U.S. at 370). The Government thus concedes the *Shepard* documents available in Defendant's case did not conclusively establish that the predicate offenses had occurred on separate occasions. *Id.* Plaintiff asserts the district court, when it sentenced Defendant, erroneously relied only on the characterization of the predicate events in the PSR to find that Defendant had at least three requisite convictions occurring on occasions different from each other. R. Doc. 100, p. 3. The Court finds that, under *Shepard* and *Alkheqani*, Defendant has established error in the sentencing court's ruling, to which Defendant's counsel ineffectively failed to object.

The next question is whether Defendant can establish the sentencing court's error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard to § 2255 claim); *United States v. Caston*, 2013 WL 3933400, p. *2 (EDLA July 13, 2013). Here, there can be no doubt that the sentencing court's errors, and trial counsel's failures, resulted in actual and substantial prejudice to Defendant that undermines confidence in the outcome. On the available *Shepard*-approved documents before the

8

sentencing court, Defendant could not have been determined to be an Armed Career Criminal under the ACCA and the 188-month sentence imposed exceeds the applicable 10-year statutory maximum sentence for a felon in possession of a firearm. Accordingly, Defendant is entitled to the relief he now seeks: that the Court vacate his sentence and set a date for a new sentencing hearing. *See* R. Doc. 100.

**Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Vacate under 18 U.S.C. § 2255 (R. Doc. 55) and his Supplemental Motion to Vacate (R. Doc. 69) are hereby GRANTED.

**IT IS FURTHER ORDERED** that his sentence of 188 months is VACATED and a new sentencing hearing is set for May 28, 2024.

New Orleans, Louisiana, April 19, 2024.

---
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

9